# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**WILLIAM DOUGLAS COPE, JR.**                                         **PETITIONER**

**v.**                         **CIVIL ACTION NO. 3:25-CV-258-JHM**

**LAURA PLAPPERT, WARDEN**                                         **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner William Douglas Cope, Jr., initiated this *pro se* 28 U.S.C. § 2254 habeas corpus action. His petition is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On May 12, 2025, the Court entered a Memorandum and Order directing Petitioner to show cause why his petition should not be denied and this action dismissed as untimely (DN 4). Petitioner has filed two responses to that Order (DNs 7 & 11) as well as five motions (DNs 3, 6, 8, 10, & 12). For the reasons set forth below, the Court will deny the motions and dismiss this action as time-barred.

## I.

In his habeas petition, Petitioner indicates that he is challenging convictions from three separate cases in Jefferson Circuit Court – *Commonwealth v. Cope*, Case No. 06-CR-844, Case No. 14-CR-2404, and Case No. 17-CR-3633.[1] The online docket sheet in Case No. 06-CR-844 reflects that Petitioner pled guilty to the offense of Failure to Comply with Sex Offender Registration and was sentenced for that crime on March 21, 2006. The docket sheet in Case No. 14-CR-2404 shows that Petitioner pled guilty to the offense of Failure to Comply with Sex Offender Registration and was sentenced for that crime on May 4, 2016. A review of the docket sheet in No. 17-CR-3633 shows that

---

[1] The procedural history of these cases is taken from their online docket sheets, which the Court accessed through the Kentucky Court of Justice's CourtNet system, https://kcoj.kycourts.net/CourtNet, and from the Opinion entered by the Kentucky Court of Appeals on June 28, 2024. *See Cope v. Commonwealth*, No. 2023-CA-0843-MR (Ky. Ct. App. June 28, 2024). A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

Petitioner pled guilty to the offenses of Failure to Comply with Sex Offender Registration, Second Degree Escape, and Theft by Failure to Make Required Disposition of PRP, and that he received an enhancement in that case for being a persistent felony offender. Judgment was entered in that case on March 26, 2019. The record from that case also shows that Petitioner filed a post-conviction Ky. R. Crim. P. 11.42 motion to vacate, set aside, or correct a sentence which the trial court denied on September 19, 2019.

On May 22, 2023, Petitioner, by counsel, filed Ky. R. Crim. P. 60.02 post-conviction motions in all three actions. These motions were denied by the trial court in each case. Petitioner appealed the denials to the Kentucky Court of Appeals. On June 28, 2024, the Kentucky Court of Appeals entered an Opinion affirming the trial court's denial of the motions as to Case No. 14-CR-2402 and Case No. 17-CR-3633 on the basis that the motions were untimely, but reversing the trial court's denial of the motion in Case No. 06-CR-844 finding Petitioner's conviction in that case illegal. *See Cope v. Commonwealth*, No. 2023-CA-0843-MR (Ky. Ct. App. June 28, 2024). Petitioner filed a motion for discretionary review of the Kentucky Court of Appeals decision with the Kentucky Supreme Court, but the Supreme Court denied that motion and the Kentucky Court of Appeals decision became final on March 21, 2025.

In light of the Kentucky Court of Appeals determination that Petitioner's conviction in Case No. 06-CR-844 was illegal, the trial court vacated Petitioner's conviction in that case. Thus, the Court construes the instant § 2254 petition as only challenging Petitioner's convictions in Case No. 14-CR-2404 and Case No. 17-CR-3633.

## II.

The Court first addresses the four motions Petitioner has filed since he initiated this action – a motion "for discovery review of additional records" (DN 3), a motion "for leave to expand the court records of discovery" (DN 6), a motion "to sever Case No. 06-CR-844" from this action

(DN 8), a motion for a writ of mandamus (DN 10), and a motion to present newly discovered evidence (DN 12).

In Petitioner's first motion (DN 3), he states that seeks relief under Rule 7 of the Rules Governing § 2254 Cases. Rule 7(a) provides that, "[if] the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated." Rule 7(b) states that the "materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." In the motion, it is clear that what Petitioner seeks to add to the record is simply the additional arguments he makes in the remainder of the motion which go to the merits of his petition. Because Petitioner is not requesting to add any type of additional material to the record that is contemplated by Rule 7, the Court finds that Rule 7(a) is inapplicable to Petitioner's motion. Moreover, because this case is on preliminary review, the merits of the instant § 2254 are not now before the Court. Thus, **IT IS ORDERED** that this motion (DN 3) is **DENIED**.

In Petitioner's second motion (DN 6), titled a motion "for leave to expand the court records of discovery," Petitioner states that he needs access to certain legal materials and LexisNexis. Based on its title, the Court construes this motion as seeking relief under Rule 6 of the Rules Governing § 2254 Cases. This Rule governs discovery in § 2254 actions. Under Rule 6(b), "a party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Clearly, the relief Petitioner is requesting is not brought properly sought under Rule 6. Moreover, to the extent the motion is simply a motion for an extension of time to conduct legal

research, the motion does not provide a clear basis for any additional legal research that would be pertinent to whether Cope's § 2254 petition is timely. Thus, **IT IS ORDERED** that Petitioner's second motion (DN 6) is also **DENIED**.

In his "Motion for a Writ of Mandamus" (DN 10), Petitioner states that he is in segregation at KSP and asks that the Court compel the Kentucky State Penitentiary (KSP) Warden to provide him access to his own legal materials and to the KSP law library and LexisNexis.[2] He states that he needs access to these materials to adequately respond to the Court's Order directing him to show cause why his petition is untimely. To the extent that the Court could grant the relief Petitioner requests,[3] the Court finds it unnecessary. The Court has online access to Petitioner's state court records which provide all of the information the Court needs regarding the factual basis for the petition's timeliness or untimeliness. Moreover, Petitioner's filings in this action are replete with legal citations suggesting he has some degree of access to legal research materials. Thus, because the Court finds that the facts and legal contentions are adequately presented in the materials before it, **IT IS ORDERED** that Petitioner's motion to access additional materials (DN 10) is **DENIED**. *See, e.g.*, *Lawson v. Key*, No. C18-5998-RBL-TLF, 2019 U.S. Dist. LEXIS 114901, at *6 (W.D. Wash. June 14, 2019) (denying similar motion, among other reasons, because petitioner's only obligation was to address the very limited procedural issue of whether his petition was barred by statute of limitations).

---

[2] Petitioner also asks the Court to initiate an original action for a writ of mandamus. The Court directed that a new action be opened by separate Order entered this date.

[3] *See Stone v. Green*, No. 3:22-cv-00554-RGJ, 2023 U.S. Dist. LEXIS 27914 (W.D. Ky. Jan. 17, 2023) (denying motion for preliminary injunction seeking access to legal materials in a § 2254 action because such claims must be brought in a 42 U.S.C. § 1983 prisoner civil-rights action); *Phillips v. Fisher*, No. 1:19-cv-01589-DAD-SAB-HC, 2020 U.S. Dist. LEXIS 33826, at *4-5 (E.D. Cal. Feb. 27, 2020) (denying motion for a temporary restraining order based upon denial of access to legal materials brought in a § 2254 habeas action because relief sought in the motion was of a different kind from that sought in habeas petition).

In Petitioner's motion to present newly discovered evidence (DN 12), he makes arguments about why his convictions his in Case No. 14-CR-2404 and Case No. 17-CR-3633 are void. He does not present any newly discovered evidence. Thus, **IT IS ORDERED** that this motion (DN 12) is **DENIED**.

Finally, in Petitioner's last pending motion (DN 8), he asks the Court to sever *Commonwealth v. Cope*, Case No. 06-CR-844, from this action since his conviction was vacated in that case. As set forth in the Court's prior Memorandum and Order and above, the Court does not consider that action as part of the instant habeas petition for that very reason. Thus, **IT IS ORDERED** that this motion (DN 8) is **DENIED as moot**.

Having ruled upon these motions, the Court now turns to the statute-of-limitations issue.

### III.

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The provision applicable here is 28 U.S.C. § 2244(d)(1)(A). As set forth above, in Case No. 14-CR-2404, judgment was entered on May 4, 2016. Because Petitioner did not file a direct appeal, his sentence became final on June 3, 2016, at the expiration of the thirty-day period during which he could have filed a direct appeal. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken."). The limitations period, therefore, expired one year later on June 3, 2017.

As to Case No. 17-CR-3633, judgment was entered in that action on March 26, 2019. Because Petitioner did not file a direct appeal, his sentence became final on April 25, 2019, at the expiration of the thirty-day period during which he could have filed a direct appeal. However, the docket sheet in that case reflects that Petitioner filed a post-conviction Ky. R. Crim. P. 11.42 motion to vacate, set aside, or correct his sentence. After the one-year limitations period in § 2244(d)(1)(A) begins to run, certain post-conviction proceedings in the state court will toll the statute. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Specifically, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 42 U.S.C. § 2244(d)(2). Thus, the one-year limitations period would have been tolled while Petitioner's Ky. R. Crim. P. 11.42 motion was pending. Although it is not clear when that motion was filed, it was ruled upon by the trial court on September 19, 2019. Thus, even if the motion was filed the day after the conviction became final, because the record does not reflect that Petitioner

appealed this decision, any tolling stopped on October 19, 2019, at the expiration of his time limit to properly appeal the trial court's decision. *See* Ky. R. Crim. P. 12.04(3), 11.42(8). Thus, the statute of limitations expired in this case, at the latest, on October 19, 2020.

Thus, as the Court concluded in its prior Memorandum and Order, it appears that the instant § 2254 petition, which was filed on April 16, 2025,[4] is untimely by several years as to the judgments entered in both Case No. 14-CR-2404 and Case No. 17-CR-3633, and is, thus, subject to summary dismissal.

### IV.

Petitioner's responses to the Court's prior Memorandum and Order directing him to show cause why his petition should not be denied and his action dismissed as untimely are difficult to comprehend (DNs 7 & 11). However, in both, Petitioner argues that that his petition is timely under AEDPA and that, alternatively, he is entitled to equitable tolling. The Court addresses Petitioner's arguments below.

#### A. AEDPA

Petitioner first argues that the one-year statute of limitations set forth in AEDPA was tolled while he was exhausting his state-court remedies. He asserts that the statute of limitations was tolled until March 12, 2025, when the Kentucky Supreme Court denied his request for discretionary review of the Kentucky Court of Appeals decision affirming the trial court's denial of his Ky. R. Crim. P. 60.02 post-conviction motions in Case No. 14-CR-2402 and Case No. 17-CR-3633. However, as set forth above, for purposes of filing the instant § 2254 petition, the statute-of-limitations expired in those cases on June 3, 2017, and October 19, 2020, respectively, and Petitioner did not file his Ky. R. Crim. P. 60.02 motions until May 22, 2023. As the Court

---

[4] "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Labanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012). Petitioner certifies that he placed the petition in the prison mailing system on April 26, 2025.

explained in its prior Memorandum and Order, "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Put another way, the tolling provision in § 2244(d)(2) does not resuscitate "the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Id*.

Petitioner also argues that his petition is not time-barred under AEDPA because the judgments in Case No. 14-CR-2404 and Case No. 17-CR-3633 are void. In making this argument, Petitioner cites to Kentucky cases in which courts have held that void judgments are never time barred. *See, e.g.*, *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018) ("Clearly, under Kentucky law, if the sentence was void, then no time limitations apply. A void judgment cannot gain validity simply because a defendant waits too long to attack the legality of the sentence."). However, this argument fails because, under federal law, "even if [a petitioner's] state-court judgment [is] invalid, he is still 'in custody pursuant to the judgment of a State court,'" 28 U.S.C. § 2254(a), and so the statute of limitations still applies." *Burrell v. Stephenson*, No. 22-1618, 2022 U.S. App. LEXIS 35720, at *3 (6th Cir. Dec. 27, 2022) (citing *Frazier v. Moore*, 252 F. App'x 1, 6 (6th Cir. 2007) ("[T]he fact that the state court judgment may have been procured in violation of state or federal law does not . . . render the judgment null under § 2244(d).")); *see also Accord v. Anderson Cnty.*, No. 22-5206, 2022 U.S. App. LEXIS 31168, at *2-3 (6th Cir. Nov. 8, 2022).

Thus, despite Petitioner's argument to the contrary, the Court finds that his § 2254 petition is untimely under AEDPA.

### B. Equitable Tolling

As set forth in its prior Memorandum and Order, § 2254's statute of limitations is not jurisdictional and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied

"sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

In his first response (DN 7), Petitioner makes the following argument with regard to equitable tolling:

> Petitioner prays to invoke his right to proceed with a prima-facie showing documented records of proof to prejudiced miscarriage of justice to external impediments maliciously and vindictively being enforced to retaliate and deliberately cause discriminations, dual forms of multiplicious jeapordies, disadvantaged disenfranchisements, arbitrary and capricious detentions of isolated segregations to restrict and prevent Petitioner adequate case citation research references, legal filing forms, access to the prison law library publications, and the Securus tablets U.S. Dept. of Justice Office of Program's National Inmate Distributions Agreement Contract to Lexis-Nexis Legal Law App. Digital database (free) unlimited search engine that provides all segregated prisoners equal access to due process of law rights and civil liberty interests to litigate as (Pro-Se) under the Revised Edition to the Prisoners' Litigation Reform Acts . . . . These deliberate actions by Laura Plappert, Warden, should more than satisfy the grounds of merit showing cause to both prongs of entitlement to "Equitable Tolling" standards (1) Petitioner can provide beyond all reasonable doubt he's pursued all documented records since October 2019 diligently and (2) has been intentionally ignored and gross-neglected by all state records custodian agencies to prevent timely filings . . . .

(DN 7, pp. 5-7).

It appears that Petitioner is arguing that he has been diligently pursuing his rights but that two extraordinary circumstances prevented him from timely filing his habeas petition – his placement in segregation which limited his ability to access legal research resources and the failure of state records "custodians" to respond to his record requests.

"Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 U.S. App. LEXIS 28295, at *6 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007); *United States v. Fredette*, 191 F. App'x 711, 713 (10th Cir. 2006); *see also Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (noting that limited access to a law library generally does not give rise to equitable tolling). Moreover, although Petitioner argues that he was unable to timely file this action because his requests for access to certain state records were ignored by the records' "custodians," this statement is too conclusory and vague to warrant equitable tolling. In sum, Petitioner's "vague and generalized contentions" of lack of access to a legal library and the inability to access certain state records do not begin to show that these circumstances hindered him from filing a timely § 2254 petition in this Court. *See United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio Jan. 5, 2022).

Therefore, Petitioner has failed to establish that equitable tolling is warranted.

### V.

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

## VI.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: June 13, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
4414.011